UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

IN RE SUBPOENA ISSUED IN:

*In re: Zantac (Ranitidine)*
*Products Liability Litigation*
Case No. 9:20-md-02924-RLR (S.D. Fla.)
-------------------------------------------------------

MICHAEL BRETHOLZ,
Petitioner,

- against –

GLAXOSMITHKLINE LLC,
Respondent.

------------------------------------------------------- X

Misc. No. 1:21-mc-00698

**DECLARATION OF SEAN BURSTYN**

    I, SEAN BURSTYN, hereby declare under penalty of perjury that the following is true and correct, and after being duly sworn, deposes and states under oath:

    1.    My name is Sean Burstyn, and I am over 21 years of age, of sound mind and capacity.

    2.    I have personal knowledge of the facts stated herein.

    3.    I represent attorney and non-party Michael Bretholz in the above-referenced proceeding.

    4.    On or about August 4, 2021, GlaxoSmithKline LLC issued the subpoena attached hereto as <u>Exhibit A</u>.

    5.    The subpoena arises out of a multidistrict litigation styled, *In re: Zantac (Ranitidine) Products Liability Litigation*, case no. 9:20-md-2924-RLR, pending in the Southern District of Florida (the "MDL"). A true and accurate copy of the Master Personal Injury Complaint is attached hereto as <u>Exhibit B</u>.

6. On or about July 30, 2020, Reuters reported that the Department of Justice commenced an investigation in whether drug manufacturers, including GSK, failed to disclose information about the presence of potential carcinogens in Zantac. A true and accurate copy of the Reuters report is attached hereto as <u>Exhibit C</u>.

7. On August 31, 2021, counsel for GSK emailed the undersigned counsel to state that Mr. Bretholz "played a role in the work-up that generated the citizen's petition," which was consistent with counsel for GSK's prior statements that Valisure and persons in its network, including its lawyers, should now be required to self-finance the burden of responding to a non-party subpoena. A true and accurate copy of that August 31, 2021 email from counsel for GSK is attached as <u>Exhibit D</u>.

8. On August 20, 2021, counsel for GSK emailed the undersigned counsel proposed terms to search Mr. Bretholz's records, including "Plaintiff," "Petition," "Litigat*" and "Lawsuit." A true and accurate copy of that August 20, 2021 email from counsel for GSK is attached as <u>Exhibit E</u>.

9. On August 27, 2021, the undersigned counsel served a cover letter discussing Mr. Bretholz's responses and objections to the subpoena. A true and accurate copy of the cover letter is attached as <u>Exhibit F</u>, and a true and accurate copy of the responses and objections is attached as <u>Exhibit G</u>.

10. During a September 1, 2021, meet and confer, counsel for GSK said that GSK would reimburse Mr. Bretholz for "some" discovery vendor fees, but during the meet and confer before the deadline to move to quash counsel for GSK stated that he was not prepared to reimburse Mr. Bretholz for "all reasonable costs" of discovery vendors and GSK categorically refused to reimburse Mr. Bretholz for the burden of his time and any

-3-

attorneys' fees. Additionally, when asked how GSK's position would change if GSK were provided with documents establishing Mr. Bretholz's attorney-client relationship with Valisure, counsel for GSK advised that GSK's position would not change and instead such documentation would only "accelerate" disputes between the parties. Additionally, the undersigned reiterated, as set forth in the responses and objections, that it was not Mr. Bretholz's that no responsive documents should be produced.

Executed:  September 1, 2021                       *Sean Burstyn*
                                                                SEAN BURSTYN